## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among Neurocare Institute of Central Florida, P.A. ("Neurocare") ( "Plaintiff"), on behalf of itself and a settlement class of similarly-situated persons (identified herein as the "Settlement Class"), and HealthTap, Inc. ("HealthTap" or "Defendant").  The parties to this Agreement are collectively referred to as the "Parties."  This Agreement is entered into as of the date it is signed by the last of the Parties to sign it.

**WHEREAS**, Neurocare filed a class action lawsuit against Defendant, *Neurocare Institute of Central Florida, P.A. v. HealthTap, Inc., et al*, No. 6:13-cv-1228-Orl-31DAB (M.D. Fla.) ("the Litigation") and Plaintiff Florence Mussat, M.D., S.C. filed a related class action lawsuit against Defendant, *Mussat v. HealthTap, Inc.*, No. 1:13-cv-07522 (N.D. Ill.); and

**WHEREAS**, Plaintiff alleges on behalf of itself and a putative class that Defendant violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by faxing "advertisements" without the prior express invitation or permission of Plaintiff or the putative class members or without a valid opt-out notice; and

**WHEREAS**, Defendant denies all liability for the claims made in the Litigation; and

**WHEREAS**, Plaintiff's attorneys have investigated the relevant facts and researched the law relating to the Litigation, and have reached the conclusion that, among other things, Defendant contracted with a fax broadcasting company to send faxes at various times between March 3, 2011 to October 18, 2012 in an effort to respond to requests for information about and recruit physicians to become members of HealthTap's physician network. However, neither the fax broadcasting company nor Defendant retained the lists of persons or fax

numbers that could be used to identify the persons who received Defendant's faxes; and

**WHEREAS**, the Parties participated in a full-day mediation with the Hon. William J. Cahill (Ret.) of JAMS through which they were able to come to an agreement to settle the claims asserted by Plaintiff against Defendant in this matter; and

**WHEREAS**, without admitting or conceding any wrongdoing or liability, and instead expressly denying any such wrongdoing or liability, and solely to avoid the inconvenience and expense of further litigation, Defendant has agreed to settle all claims, demands, and liabilities between Defendant, Plaintiff, and the Settlement Class, including all claims that have been asserted, or could have been asserted, in the Litigation on the terms and conditions set forth in this Agreement; and

**WHEREAS**, Plaintiff and Class Counsel have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving the Litigation, after considering (1) the benefits the Settlement Class will receive under this settlement, (2) Defendant's merit-based defenses to the claims raised in the Litigation and the fact that Defendant has demonstrated that it will vigorously oppose the claims asserted in the Litigation if the settlement is not approved, (3) the lack of insurance coverage, (4) the fact that Defendant has demonstrated that its financial ability to fund a classwide settlement is limited, and (5) the attendant risks, costs, uncertainties, and delays of litigation; and

**WHEREAS,** the settlement reduced to writing in this Agreement was negotiated among the Parties in good faith and at arm's length; and

**WHEREAS**, the Parties stipulate and agree that the claims of Plaintiff and the entire Settlement Class should be and are hereby compromised and settled, subject to the Court's

approval, upon the following terms and conditions:

1. <u>Settlement</u>. Defendant denies any wrongdoing and contends, among other defenses, that the faxes at issue do not violate the TCPA and do not constitute unsolicited advertisements under the TCPA. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant enters into this Agreement to resolve all disputes among Defendant, on the one hand, and Plaintiff and the Settlement Class on the other. The assertions, statements, agreements and representations made herein are for purposes of settlement only. If either Plaintiff or Defendant terminates this Agreement as permitted herein, or if the settlement is not finally approved, the Agreement is null and void, shall be of no force and effect, and may not be used by any of the Parties for any reason. The Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.

2. <u>The Settlement Class</u>. Defendant denies that Plaintiff's claims could be certified as a class action if this case were to proceed in litigation. Defendant contends, among other deficiencies, that Plaintiff's proposed class is not ascertainable, that individual issues predominate over any common ones, and that a class action would be neither superior nor manageable. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and agrees to certification of the Settlement Class defined herein, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3). Preliminary certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of a litigation class would be appropriate. Moreover, Defendant reserves the right to challenge class certification in further proceedings in the Litigation or in

any other action if the settlement is not finalized or finally approved.  If the settlement is not finally approved by the Court for any reason whatsoever, then Defendant's agreement to certification of the Settlement Class for settlement purposes only will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Defendant. No agreements made by or entered into by Defendant in connection with the settlement may be used by Plaintiff, any person or entity in the Class, or any other person or entity to establish any of the elements of any claim brought in the Litigation or to establish any of the elements of class certification in any litigated certification proceedings, whether in the Litigation or any other judicial proceeding.

The "Settlement Class" shall be defined as follows: "All persons or businesses who, between January 1, 2011 and December 31, 2012, were sent facsimiles by or on behalf of HealthTap that described services offered by HealthTap."

The term "Class" or "Class Members" means those parties who qualify for membership based on this definition.  The term "Settlement Class Members" means those parties who are members of the Class, as set forth in the Class definition above, and who do not timely and validly request exclusion from the Settlement Class.  Excluded from the Settlement Class are HealthTap, any parent, subsidiary, affiliate or controlled person of HealthTap, as well as the officers, directors, agents, servants or employees of HealthTap (including Jeffrey Pollard, M.D.), and the immediate family members of such persons, the named counsel in this litigation, any member of their office and/or firm, any licensed insurance company, and the members of the federal judiciary.  The parties further agree that Neurocare is the "Class Representative," that Phillip A. Bock, Richard J. Doherty, James M. Smith of Bock & Hatch, LLC, are "Class Counsel," and that Ryan M. Schmidt of Law Offices

of Jon B. Coats, Jr., P.A. is "Additional Class Counsel."

3.     <u>Preliminary Approval and Class Notice</u>. Within seven (7) days after execution of this Agreement, Plaintiff will file an agreed motion for entry of an order preliminarily approving this settlement. Plaintiff will request that the Court enter an "Order Preliminarily Approving Class Action Settlement and Approving Class Notice" in the form attached hereto as <u>Exhibit 1</u> (the "Preliminary Approval Order"). Additionally, Plaintiff will request that the Court approve a summary "Notice of Class Action and Proposed Settlement" to be published in accordance with Paragraph 6 below in the form attached hereto as <u>Exhibit 2</u> (the "Publication Notice"). Plaintiff will further request that the Court approve a "Notice of Class Action and Proposed Settlement with Attached Claim Form" (the "Notice" and "Claim Form"), in the form attached hereto as <u>Exhibits 3 and 4</u>, to be provided to Class Members who request more information about the Settlement and who wish to submit a claim.

4.     <u>Settlement Benefits</u>. Class Members will have a choice between two Settlement Benefits: [a] a cash payment of up to $75; or [b] five (5) months of HealthTap's Premium Service (valued at $495) at no charge and with no further obligation. Benefits will be paid or provided to Settlement Class Members who submit timely and valid Claim Forms. Defendant shall not be responsible for any payments or obligations other than those specified in this Agreement.

a.     Defendant has agreed to make $500,000 available to pay Settlement Class Members who submit timely and valid Claim Forms and elect to receive a cash payment. To be a "valid Claim Form" to elect a cash settlement, the Claim Form must include a valid address to which the cash payment may be mailed. Any cash payments returned by the Postal Service (or private delivery service) as undeliverable shall

invalidate the claim of such Settlement Class Member.  Settlement Class Members who timely and validly elect to receive a cash payment shall receive a check for $75 unless Settlement Class Members submit claims totaling, in the aggregate, more than $500,000.  In that event, each Settlement Class Member who chose to receive a cash payment shall receive a *pro rata* share of the $500,000 available to pay Settlement Class Members who elect to receive a cash payment.   Settlement Class Members who elect to receive a cash payment waive their rights to receive the Premium Service benefit as described below.  A Settlement Class member to whom a check in payment of a cash benefit is issued must negotiate such check within 180 days from the date of issuance of such check to be entitled to the cash benefit. In no event will Defendant be required to pay more than $500,000, in the aggregate, to pay Settlement Class Members who elect to receive the cash payment.  If the combined amount of these claims due to Settlement Class Members who submit timely and valid Claim Forms is less than $500,000, Defendant's obligation with respect to cash payments to Settlement Class Members is limited to the combined amount of such claims, and any remaining funds shall be kept by Defendant.

b.     Defendant has agreed to offer Settlement Class Members five months of a Premium Service offered by HealthTap (valued at $495) for no charge. Settlement Class Members who elect to receive the Premium Service may cancel at any time without being charged a fee but will waive their rights to claim a $75 cash payment regardless of how long they keep the service.  As of the date of expiration of the free Premium Service, Settlement Class Members will have the option of continuing the service if they so choose at the price set by HealthTap, but they will not

be obligated in any way to continue the service.  The Premium Service will consist of a cloud-based patient relationship management and peer consultation system with the following elements:

i. A web-based platform for easily creating multi-media newsletters which doctors can send to their patients under their individual and medical practice names.  These newsletters can be populated with content created by the sending doctor, or curated from existing content created by other doctors in HealthTap's repository of high-quality medical content of health-related answers, tips and information, available for use in these newsletters at no charge. Individually branded newsletters can be created by writing a custom introduction and selecting the desired answers, tips, and information for each newsletter, or by using the system to create a fully automated health newsletter with highly-rated, peer-reviewed content from HealthTap.

ii. A secure platform for doctors to create, send, and collect survey responses and feedback to and from patients to track patient satisfaction and encourage patient loyalty.

iii. Access to ask unlimited "curbside consults" (doctor-to-doctor questions, second opinions, and peer advice) on HealthTap and to receive answers to these inquiries from other doctors, including relevant specialists, on HealthTap.

5. The Settlement Administrator. Class Counsel will retain the services of KCC, LLC, the third-party settlement administrator that will administer the Settlement Class Notice,

receive and process claims by Settlement Class Members, and issue and mail checks for the payments to Settlement Class Members described in Paragraph 4 above. The Settlement Administrator shall mail payments to Settlement Class Members using First Class Mail.  The Settlement Administrator shall also maintain a record of any payments mailed to Settlement Class Members that are returned as undeliverable by the Postal Service or private delivery service used to deliver such payments.  Payment of the Settlement Administrator will be provided for by Defendant and is not to exceed $225,000 when combined with the cost of publishing the Settlement Class Notice.  The Parties will cooperate in good faith to ensure that the cost of publishing the notice and administering the Settlement does not exceed $225,000.

6.    Notice. The Parties will cause the Publication Notice to be published in *People* and *Internal Medicine News*.  The Publication Notice will also be published in the form of banner ads on a variety of healthcare Internet sites.  The Publication Notice will be a form substantially similar to Exhibit 2, subject to approval by the Court, and will provide the information necessary for the potential claimants to obtain a Claim Form and additional information about the lawsuit and Settlement. The Publication Notice shall be published within thirty (30) days of entry of the Preliminary Approval Order.

7.    Proof of Claim. The Claim Form shall be in a form substantially similar to Exhibit 4, subject to approval by the Court.  The Settlement Administrator shall make a copy of the Long Form Notice and Claim Form available to each member of the Class who makes a request. The Long Form Notice and Claim Form shall be a form substantially similar to Exhibit 3 and Exhibit 4 respectively, subject to approval by the Court.  The Claim Form shall require each Settlement Class Member to attest to having received a fax between January 1, 2011 and December 31, 2012, sent by or on behalf of HealthTap that described services

offered by HealthTap.  The Claim Form will also require the Settlement Class Member to provide the facsimile number at which it received the fax at issue, and verify that the Settlement Class Member owned that fax machine.  The Claim Form will also require the Settlement Class Member to provide a valid mailing address.  The Claim Form will allow the Settlement Class Member to select to receive one of the following benefits: [1] a cash payment of up to $75; or [2] five (5) months of Premium Service offered by HealthTap (valued at $495).  Claim Forms will be due 120 days after entry of the Preliminary Approval Order. Settlement Class Members who submit timely and valid Claim Forms shall be entitled to their choice of benefits as reflected in their Claim Forms.  The administrator may assist Settlement Class Members in the completion of Claim Forms and is empowered to respond to Settlement Class Members' inquiries for that purpose. The Settlement Administrator shall determine whether a Settlement Class Member has submitted a valid and timely  Claim Form. If necessary, the Claims Administrator will consult with Class Counsel and Defendant's counsel to answer any questions or resolve any disputes that arise regarding the validity of Claims Forms.  The Settlement Administrator's decision shall be final. The Settlement Administrator shall provide a list of accepted and rejected claims to counsel for the Parties. The Settlement Administrator will provide copies of all Claim Forms to counsel for the Parties.

8.     _Final Approval_. The Preliminary Approval Order will set a date for a Final Approval Hearing, which will be set approximately 100 days after entry of the Preliminary Approval Order. At the Final Approval Hearing, the Parties will request that the Court enter the "Final Approval Order and Judgment of Classwide Settlement" in the form attached hereto as _Exhibit 5_ (the "Final Approval Order").

9.      <u>Attorneys' Fees</u>. Class Counsel will move the Court for an award of attorneys' fees and expenses. Class Counsel agrees that their request for attorneys' fees and expenses will not exceed $400,000.  Defendant will not object to any request by Class Counsel for attorneys' fees or actual expenses that is consistent with this Section. Class Counsel further agrees that if the Court awards attorneys' fees and expenses in an amount greater than $400,000, then Class Counsel will not accept any amount above $400,000. The Parties expressly agree that Defendant will not be required to pay any attorneys' fees or expenses to any counsel other than Class Counsel in connection with this Settlement.

10.      <u>Incentive Awards</u>.  Plaintiff will move the Court for incentive awards for the time and effort it has personally invested in the Litigation and Mussat has invested in the related litigation. Plaintiff agrees that its request for an incentive award will not exceed $10,000 for Plaintiff and $10,000 for Mussat.  Defendant will not object to any request by Plaintiff for an incentive award that is consistent with this Section.  Plaintiff further agrees that if the Court awards an incentive award to Plaintiff or Mussat in an amount greater than $10,000, then Plaintiff and Mussat will not accept any amount above $10,000.

11.      <u>Settlement Independent of Award of Fees, Expenses, and Incentive Payments</u>. The payments of incentive awards, and attorneys' fees and expenses set forth in Sections 9 and 10 are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interests of Settlement Class Members.  This Settlement is not dependent upon the Court's approving Plaintiff's requests for such payments or awarding the particular amounts sought by Plaintiff.  In the event the Court approves the settlement but declines to award Class Counsel's incentive awards, attorneys' fees, or expenses in the amount requested by Class Counsel and awards an amount less than the requested amount(s), the settlement will

nonetheless be binding on the Parties and the Settlement Class Members. No settlement fund is intended to be or shall be created. Defendant will provide Settlement Benefits (as set forth in Section 4) to Settlement Class Members who submit timely and valid Claim Forms following the process set forth in Section 7 and in the Publication Notice. No other benefits will be provided to Settlement Class Members.

12. <u>Timing for Payment</u>. The funds to make payments to Settlement Class Members, to pay the Class Representative incentive awards, and to pay Class Counsels' attorneys' fees and expenses shall be paid by Defendant within five (5) business days of the later of the following occurring (the "Effective Date): (i) the Court enters a Final Approval Order, in substantially the form attached hereto as <u>Exhibit 5</u>, dismissing with prejudice the claims of all Settlement Class Members (including Plaintiff) who did not properly exclude themselves; or (ii) if any Settlement Class Member has filed an objection, the date for filing an appeal from such Final Approval Order has expired or, if there are appeals, the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review. Payment for both the Class Representative incentive award as well as for all Class Counsels' attorneys' fees and expenses shall be paid to the "Bock & Hatch, LLC Client Trust Account." Bock & Hatch, LLC shall then be responsible for disbursing the appropriate amounts to the Class Representative and Additional Class Counsel. If Defendant pays money to the Settlement Administrator in accordance with Section 5 that remains after all necessary payments under this Agreement have been made, that money shall be returned to Defendant.

13. <u>Payment of Claims, Incentive Award and Class Counsel Fees</u>. At the times set forth in Paragraph 12, Defendant shall issue payments to: [1] the Settlement Administrator to

cover Claims; and [2] Class Counsel to cover the Incentive Awards and Attorney's Fees and Expenses. The Settlement Administrator shall issue checks in the appropriate amounts to the Settlement Class Members who submitted timely, valid Claim Forms. Checks issued to the Settlement Class Members will be void 180 days after issuance. Any funds not paid out as the result of uncashed settlement checks shall be returned to Defendant. Defendant shall have no obligation to pay cash to any Settlement Class Members if checks are void in accordance with this Section. Defendant shall have no additional obligations to any Settlement Class Member who receives a Settlement Benefit and fails to redeem the Settlement Benefit in accordance with this Section. Defendant shall retain as their property any settlement proceeds that are unredeemed.

14. <u>Opting Out of the Settlement</u>. Any Class Members who wish to exclude themselves from the Settlement Class ("Opt Out") must advise the Claims Administrator in writing of that intent, and their opt out request must be postmarked no later than the Opt Out Deadline. The Opt Out Deadline shall be set by the Court in the Preliminary Approval Order and shall be sixty (60) days after the date the Preliminary Approval Order is entered.

a. The Settlement Administrator shall provide the Parties with copies of all opt out requests it receives and shall provide a list of all Class Members who timely and validly opted out of the settlement in their declaration filed with the Court. Class Members who do not properly and timely submit an opt out request will be bound by this Agreement and the judgment, including the Releases in Section 16 below.

b. In the written request for exclusion, the Class Member must state his or her full name, address, and telephone number. Further, the Class Member must include a statement in the written request for exclusion that he or she wishes to be

excluded from the settlement.

c.      Any Class Member who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement.

d.      After the expiration of the Opt Out Deadline, the Parties shall submit a list of valid opt outs to the Court at or before the Final Approval Hearing.

e.      If Defendant determines that any ambiguity exists as to whether a Class Member's communication constitutes a request to opt out, the Parties shall, if possible, resolve such ambiguity by agreement and shall inform the Court of their position at or prior to the Final Approval Hearing.  Defendant or Class Counsel may dispute an exclusion request, and the Parties shall, if possible, resolve the disputed exclusion request by agreement and shall inform the Court of their position at or prior to the Final Approval Hearing.  The Court shall retain jurisdiction to resolve any disputed exclusion requests.

f.      Any Class Member who does not timely comply with all requirements for opting out contained in this Agreement shall be a Settlement Class Member, bound by this Agreement, this settlement, and the Releases set forth in Section 16 herein.

g.      If, at the conclusion of the Opt Out Deadline, more than 200 Class Members have opted out of the settlement, Defendant shall have, in its sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt Out Deadline.

15.    Objections.  Any Settlement Class Member who intends to object to the fairness of this settlement must file a written objection ("Objection") with the Court no later

than the Objection Deadline and simultaneously provide a copy to Class Counsel and counsel for Defendant at the addresses set forth in the Notice.  The Objection Deadline shall be set by the Court in the Preliminary Approval Order and shall be sixty (60) days after the date the Preliminary Approval Order is entered.

a.       In the written Objection, the Class Member must state his or her full name, current address, telephone number, the reasons for his or her objection, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.  Any documents supporting the Objection must also be attached to the Objection, and if the Settlement Class Member intends to call witnesses at the Final Approval Hearing, those witnesses must be identified, including providing each witness's name, address and telephone number in the Objection.  Objections must be signed by the Settlement Class Member making them or by his or her counsel.

b.       Any Class Member who has timely filed a written objection, as provided for above, may appear at the Final Approval Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the settlement.  A Class Member or his or her attorney intending to make an appearance at the Final Approval Hearing must:  (a) file a notice of appearance with the Court no later than ten (10) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance on all counsel for all Parties.  Any Settlement Class Member who fails to comply with the provisions of this Section shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this settlement, and by all proceedings, orders, and judgments in the

litigation.

16.    Releases. Subject to and effective upon entry of the Final Approval Order, all Settlement Class Members, including Plaintiff, who do not opt out of the proposed Settlement Class ("the Releasors") by following the Procedure described in the Notice and required by the Preliminary Approval Order, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge HealthTap (and each of its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, shareholders, employees, consultants, advisors, predecessors, successors, assigns, agents, attorneys, heirs, executors, or administrators) ("Released Parties") from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to the transmission of facsimiles between January 1, 2011 and December 31, 2012 that describe services offered by HealthTap (the "Released Claims").

If any of the Releasors reside in California or are otherwise subject to California law, then such Releasors hereby waive all rights under Section 1542 of the Civil Code of California. That section reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." Notwithstanding the provisions of Section 1542 or any similar law of any other state, and to provide a full and complete release of Released Parties, the Releasors expressly acknowledge that this Agreement is intended to include, without limitation, in addition to the Released

Claims, all claims which the Releasors do not know or suspect to exist in their favor at the time of execution of this document, and agree that the settlement agreed upon completely extinguishes all such claims.

17.     Agreement Contingent Upon Entry of Final Approval. This Agreement is contingent upon entry of an order that contains the judgment giving final approval to the terms of this Agreement. If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or materially modified on appeal, then this Agreement shall be null and void and neither the fact that this Agreement was made nor any stipulation, representation, agreement or assertion made in this Agreement may be used against any Party.

18.     Additional Confirmatory Discovery. Defendant will provide reasonable confirmatory discovery, which will include deposition testimony, prior to the Final Approval Hearing, and Plaintiff shall have the right to withdraw from this Settlement if such additional discovery fails to confirm in all material respects the representations Defendant made during the course of the mediation.   The confirmatory discovery will pertain to the size of the Settlement Class, Defendant's ability to identify Settlement Class Members for the purposes of feasibility of individual notification, Defendant's financial condition, when Defendant stopped sending faxes describing services offered by HealthTap, and the estimated value of Defendant's non-monetary relief as explained above.   All confirmatory discovery must be completed by no later than thirty (30) days before the Final Approval Hearing.   If approval of the Settlement is denied, all confirmatory discovery, previously provided or to be provided, will be subject to Fed. R. Evid. 408 and will not be admissible for any litigation purpose.

19.     Notices. Requests for exclusion, objections to the Agreement or settlement,

and notices regarding rejected claims shall be sent to:

James M. Smith
Bock & Hatch LLP
134 N. LaSalle Ave., Suite 1000
Chicago, IL 60602

Kristine McAlister Brown
Alston & Bird, LLP
1201 W. Peachtree St.
Atlanta, GA 30309

20.     Court Submission. Class Counsel will submit this Agreement and the Exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval of this Agreement pursuant to Fed. R. Civ. P. 23 (e). If the Court declines to grant preliminary approval of this Agreement and settlement and to order notice of hearing with respect to the proposed Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Agreement and settlement will not be approved.

21.     CAFA Notices. Within ten (10) days of filing this Settlement Agreement with the Court, HealthTap's counsel will cause notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. 1715 (b), to be issued to the appropriate State and Federal officials.

22.     Dismissal of Pollard. Within fourteen (14) days after all Parties sign this Agreement, Neurocare and Jeffery Pollard, M.D. ("Pollard") will file a stipulation of dismissal with the Court that will dismiss all of Neurocare's claims against Pollard with prejudice.

23.     <u>Conditions Precedent</u>. This Agreement is expressly contingent on (i) final approval by the Court pursuant to Fed. R. Civ. P. 23, which is no longer subject to appeal, and (ii) the final, non-appealable dismissal of the Litigation, with prejudice and without costs. In the event that one or more of the foregoing does not occur, this Agreement shall be deemed void *ab initio* and the Parties shall be deemed to be in the same position as existed prior to the execution of this Agreement with the same status *quo ante* rights as existed prior to the execution of this Agreement, and all other understandings and agreements between the Parties relating to the Settlement shall be deemed to be null and void and of no force and effect.

24.     <u>Integration Clause</u>. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

25.     <u>Headings</u>. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

26.     <u>Binding and Benefiting Others</u>. This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Settlement Class Members who do not opt out, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

27.     <u>Representations and Warranties</u>. The Parties each further represent, warrant,

and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

28.     Governing Law. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Florida, without regard to its conflict of laws and/or choice of law provisions.

29.     Mutual Interpretation. The Parties agree and stipulate that this Agreement was negotiated on an arm's-length basis between Parties of equal bargaining power. Also, Class Counsel and counsel for Defendant have drafted the Agreement jointly. Accordingly, no ambiguity shall be construed in favor of or against any of the Parties. Plaintiff acknowledges, but does not concede or agree with, Defendant's statements regarding the merits of the claims, and Defendant acknowledges, but does not concede to or agree with, Plaintiff's statements regarding the merits of the claims.

30.     No Admission of Liability. Defendant has agreed to the terms of this Agreement to end all controversy with Plaintiff and the Settlement Class and to avoid the burden and expense of litigation, without in any way acknowledging fault or liability. Defendant has denied and continues to deny all charges of liability or wrongdoing by Defendant or any of the Released Parties. As a result, this Agreement may not be construed, in whole or in part, as an admission of fault or liability to any person by Defendant or by any

of the Released Parties, nor shall this Agreement or any part thereof be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any kind by Defendant or any of the Released Parties.

31.     Incorporation of Recitals. Each of the Recitals stated above are hereby incorporated into this Settlement Agreement as if stated fully herein.

32.     Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and .pdf signatures shall bind the Parties to this Agreement as though they are original signatures.

33.     Severability. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

34.     Continuing Jurisdiction. Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Approval Order and final judgment, hearing and determining an application by Class Counsel for an award of fees and expenses, and the distribution of settlement proceeds to the Settlement Class. Any dispute

or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed

on the date set forth beside their respective signatures.

DATED: _5/29/2014_          NEUROCARE INSTITUTE OF CENTRAL FLORIDA,
                            P.A., on behalf of itself and the Settlement Class

                            By: _____

                            Its: _____

DATED: _5/29/14_            HEALTHTAP, INC.


                            By: _____

                            Its: _General Counsel_____

EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| NEUROCARE INSTITUTE OF CENTRAL FLORIDA, P.A., an Florida professional association, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| Plaintiff, | ) | No. 6:13-cv-1228-GAP-DAB |
| v. | ) ) | Judge Gregory A. Presnell |
| HEALTHTAP, INC., | ) ) | |
| Defendant. | ) | |

## ORDER PRELIMINARILY APPROVING CLASS
## ACTION SETTLEMENT AND APPROVING CLASS NOTICE

This matter coming before the Court by stipulation of the parties and after

review and consideration of the Settlement Agreement, a hearing held on

_____, 2014, and the presentations of counsel, and the Court being duly

advised in the premises, IT IS HEREBY ORDERED:

1.     On _____, 2014, Plaintiff filed an Agreed Motion for

Preliminary Approval of Class Action Settlement Agreement and Notice to the

Class.

2.     In accordance with Federal Rule of Civil Procedure 23, and for

settlement purposes only, The Court hereby certifies the following Class:

> All persons or businesses who, between January 1, 2011 and December
> 31, 2012, were sent facsimiles by or on behalf of HealthTap that
> described services offered by HealthTap.

Excluded from the Settlement Class are, HealthTap, any parent, subsidiary,

affiliate or controlled person of HealthTap, as well as the officers, directors, agents,

servants or employees of HealthTap (including Jeffrey Pollard, M.D.), and the immediate family members of such persons, the named counsel in this litigation, any member of their office and/or firm, any licensed insurance company, and the members of the federal judiciary.

3.      The Court appoints Neurocare Institute of Central Florida and Florence Mussat, M.D., S.C., as the Class Representatives, appoints attorneys Phillip A. Bock, Richard J. Doherty, and James M. Smith of Bock & Hatch, LLC as Class Counsel, and appoints Ryan M. Schmidt of Law Offices of Jon B. Coats, Jr., P.A., as Additional Class Counsel.

4.      Pursuant to Rule 23, the Court preliminarily approves the settlement of this action, as embodied in the terms of the Settlement Agreement, as fair, reasonable, and in the best interests of all those who will be affected by it.  The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist; that the claims of the Class Representative are typical of the claims of the Settlement Class Members; that the Class Representative and Class Counsel can adequately protect the interests of the Settlement Class Members; that questions of law or fact common to class members predominate over any questions affecting only individual members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

5.      Certification of the Settlement Class shall be solely for settlement

purposes and without prejudice to the Parties in the event that the Settlement is not finally approved by the Court or otherwise does not take effect.  Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Settlement is not finally approved by this Court or otherwise does not take effect.

6.     Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class and as falling within the range of possible final approval.

7.     The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

8.     The Settlement Agreement proposes notice to the Class in the form of Exhibit 2 to the Settlement Agreement, by publication in *People* and *Internal Medicine News.*  The Publication Notice will also be published in the form of banner ads on a variety of healthcare Internet sites. The Court finds that this notice plan is reasonable and satisfies Rule 23 and the requirements of due process under the United States Constitution.  The plan is approved and adopted. The Court orders the parties to provide these notices to the Class as proposed on or before _____, 2014 [a date 30 days after the date the Preliminary Approval Order is entered].

9.     The Court sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate these deadlines and dates in the Class Notice:

(a)      Requests by any Class member to opt out of the settlement must
be filed on or before _____, 2014 [a date sixty (60) days after
entry of the Preliminary Approval Order] ("Opt Out Deadline")], or be forever
barred;

(b)      Objections and motions to intervene and all supporting
memoranda shall be filed in this Court and postmarked and served on Class
Counsel and Defendants' counsel on or before _____, 2014 [a
date sixty (60) days after entry of the Preliminary Approval Order], or be
forever barred;

(c)      Any Settlement Class Member shall be entitled to make a claim.
Each Settlement Class Member shall be entitled to make only one claim
regardless of the number of faxes sent to that Settlement Class Member's fax
machine(s).  A claim must satisfy the requirements set forth in Section 7 of
the Settlement Agreement and must be submitted on or before the Claims
Deadline.  The Claims Deadline shall be _____, 2014 [a date 120 days
after entry of the Preliminary Approval Order];
and

(d)      The Final Approval Hearing, set forth in the Class Notice, is
hereby scheduled for _____, 2014, at _____ am/pm. [a
date 100 days after entry of the Preliminary Approval Order]  All papers to
be considered at the Final Approval Hearing, including memoranda to be
filed by the Parties in support of the settlement, shall be served and filed no
later than _____ [a date ten (10) days prior to the Final Approval

Hearing].

10.     The Parties shall submit a list of valid opt outs to the Court after the Opt Out Deadline passes and at or before the Final Approval Hearing.

11.     All Settlement Class Members are hereby enjoined from prosecuting separate actions against Defendant or the Released Parties asserting any of the Released Claims.

12.     Except as provided herein, the Action is stayed pending the Court's final decision on the fairness of the proposed settlement.


                          ENTERED:


                          _____

EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| NEUROCARE INSTITUTE OF CENTRAL FLORIDA, P.A., an Florida professional association, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| | ) | No. 6:13-cv-1228-GAP-DAB |
| Plaintiff, | ) ) | |
| v. | ) | Judge Gregory A. Presnell |
| | ) | |
| HEALTHTAP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF CLASS ACTION DETERMINATION, CLASS DESCRIPTION,**
**PENDENCY OF PROPOSED SETTLEMENT, AND HEARING ON SETTLEMENT**

*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.*
*PLEASE READ IT CAREFULLY IF YOU RECEIVED A FAX BETWEEN JANUARY 1,*
*2011 AND DECEMBER 31, 2012 DESCRIBING SERVICES OFFERED BY HEALTHTAP,*
*INC.*

If you are a person or business who, between January 1, 2011 and December 31, 2012, was sent facsimiles by or on behalf of HealthTap that described services offered by HealthTap, your rights may be affected by a proposed class action settlement.

HealthTap, Inc. denies all liability in these matters.  If you meet the requirements described above, you may remain in the class or exclude yourself from the settlement. To receive the agreed upon settlement benefit, you must submit a proof of Claim Form that will also require you to provide the facsimile number in which you received the subject fax(es) on, as well as verify that you owned that fax number, and verify that you received an unsolicited fax that described the services offered by HealthTap. The Claim Form will also require you to provide a valid mailing address.

More information may be obtained by contacting the Claims Administrator at [insert] or visiting the settlement website, www.neurocaretcpasettlement.com.

To receive a claim form or detailed information about the settlement, contact the Settlement Administrator or visit the settlement website.

**DO NOT CONTACT THE COURT OR THE JUDGE,**
**BECAUSE THEY CANNOT ANSWER YOUR QUESTIONS.**

EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| NEUROCARE INSTITUTE OF CENTRAL FLORIDA, P.A., an Florida professional association, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>)<br>)<br>) |
| | No. 6:13-cv-1228-GAP-DAB |
| Plaintiff, | ) |
| v. | )<br>) |
| | Judge Gregory A. Presnell |
| HEALTHTAP, INC., | )<br>)<br>) |
| Defendant. | ) |

**NOTICE OF CLASS ACTION DETERMINATION, CLASS DESCRIPTION,
PENDENCY OF PROPOSED SETTLEMENT, AND HEARING ON SETTLEMENT**

***THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS IF YOU RECEIVED A FAX
BETWEEN JANUARY 1, 2011 AND DECEMBER 31, 2012 DESCRIBING SERVICES
OFFERED BY HEALTHTAP, INC.
PLEASE READ IT CAREFULLY***

**TO:**   All persons or businesses who, between January 1, 2011 and December 31, 2012, were sent facsimiles by or on behalf of HealthTap that described services offered by HealthTap.

This Notice describes the proposed Settlement of a class action lawsuit against HealthTap, Inc.  HealthTap, Inc. denies and continues to deny liability on each and every claim asserted by the Plaintiff in the lawsuit, including the claim that HealthTap, Inc. violated the Telephone Consumer Protection Act, 47 U.S.C. § 227,  and related regulations by allegedly sending faxes without a valid opt out notice or without the prior express invitation or permission of Plaintiff or the Class Members.

On _____, 2014, the Honorable Judge Gregory A. Presnell of the United States District Court for the Middle District of Florida preliminarily approved the proposed Settlement and ordered that potential members of the Class described above be notified about this settlement.  This Notice is being sent to you at your request because you might be a member of the Class.  **Not all recipients of this Notice are members of the Class**.

**CAREFULLY READ THE CLASS DESCRIPTION (SECTION II A. OF THIS NOTICE)
TO SEE IF YOU QUALIFY FOR CLASS MEMBERSHIP.  SEE SECTION III A. FOR
AN EXPLANATION OF HOW TO GET BENEFITS UNDER THE SETTLEMENT.**

The proposed Settlement is described in Section II of this Notice.  If you do not request exclusion from the Class, as provided for in Section III. B. of this Notice, and if you meet the requirements for Class Membership, and if you complete and submit a valid Claim Form (which is attached), you will have the opportunity to receive a benefit from this Settlement, if the Settlement is finally approved by the Court.

The remainder of this Notice contains other information required by law.  It (a) describes the lawsuit; (b) summarizes the terms of the Settlement and the fees that may be awarded to Plaintiff's attorneys; (c) tells you about a hearing on the Settlement and your rights; and (d) tells you how to obtain additional information.

## I.    THE LAWSUIT

**A.    Background**.  A lawsuit is pending against HealthTap, Inc. ("Defendant"): *Neurocare Institute of Central Florida, P.A. v. HealthTap, Inc., et al*, No. 6:13-cv-1228-Orl-31DAB, pending in the United States District Court for the Middle District of Florida ( the "Lawsuit" or the "Action").  Plaintiff and the Class in this lawsuit are represented by Phillip A. Bock, Richard J. Doherty, James M. Smith of Bock & Hatch, LLC, and Ryan M. Schmidt of Law Offices of Jon B. Coats, Jr., P.A.("Class Counsel" or "Plaintiff's Counsel").

**B.    Plaintiff's Allegations**.  Plaintiff alleges in the Lawsuit that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and FCC regulations by faxing advertisements without the prior express invitation or permission of Plaintiff or the Class Members or without a valid opt-out notice.

**C.    Defendant's Position**.  Defendant has agreed to the terms of this Settlement, but has denied and continues to deny liability on each and every claim asserted by the Plaintiff.  More specifically, Defendant has expressly denied and continues to deny all charges of wrongdoing or liability, on any theory, arising out of any conduct, statements, acts or omissions of Defendant or its employees, agents or representatives, in connection with the Lawsuit.  Specifically, Defendant denies that the faxes at issue were advertisements or that they were unsolicited, and Defendant asserts that it has strong defenses to Plaintiff's claims, which Defendant contends does not satisfy the requirements for class certification

## II.    SUMMARY OF THE PROPOSED SETTLEMENT

The following is a summary of the principal terms of the proposed Settlement.  The full Settlement Agreement is on file with the Clerk's Office of the United States District Court for the Middle District of Florida, Orlando Division, 401 W. Central Blvd., Orlando, FL 32801 ("Clerk of the Court"), where you may read and copy it at your own expense.  The Settlement Agreement may be approved without further notice.

**A.    Description of the Settlement Class**.  On _____, 2014, the Court certified for settlement purposes only a Settlement Class defined as: All persons or businesses

who, between January 1, 2011 and December 31, 2012 were sent facsimiles by or on behalf of HealthTap that described services offered by HealthTap.

      **B.**    **Class Recovery.**  Settlement Class Members will have a choice between two settlement benefits:

      [1]  Five (5) Months of HealthTap's Premium Service:  Defendant has agreed to offer Settlement Class Members five months of Premium Service offered by HealthTap (valued at $495) for no charge.  Settlement Class Members who elect to receive the Premium Service may cancel at any time without being charged a fee, but will waive their rights to claim a $75 cash payment regardless of how long they keep the service.  As of the date of expiration of the free Premium Service, Settlement Class Members will have the option of continuing the service if they so choose at the price set by HealthTap, but they will not be obligated in any way to continue the service.

      [2] Cash Payment Up to $75: Defendant has agreed to make up to $500,000 available to pay Settlement Class Members who elect to receive a cash payment of up to $75.  Settlement Class Members who timely and validly elect to receive a cash payment shall receive a check for $75 unless Settlement Class Members submit claims totaling, in the aggregate, more than $500,000.  In that event, each Settlement Class Member who chose to receive a cash payment shall receive a *pro rata* share of the $500,000 available to pay Settlement Class Members who elect to receive a cash payment.  Settlement Class Members who elect to receive a cash payment shall waive their rights to receive the Premium Service as described below.

      If the Court finally approves the Settlement Agreement, benefits will be paid to Class Members who submit timely and valid Claim Forms as described below.

      **C.**    **Evaluation by Class Counsel**.  Class Counsel and Defendant's counsel have engaged in arm's length negotiations about the Settlement.  Plaintiff recognizes the uncertainty and risk of the outcome of any litigation, especially complex litigation such as this, and the difficulties and risks inherent in the trial of such an action.  Subject to the approval of the Court, Plaintiff desires to settle the claims of the Class Members against Defendant.  Based upon their review of the facts and the law, and their evaluation of the immediate benefits the proposed Settlement makes available to the Class, Class Counsel believe the Settlement will provide substantial benefits to the Class, and believe the Settlement to be fair, reasonable and adequate, and believe its approval is in the best interests of the Class.

      **D.**    **Attorneys' Fees and Expenses**.  Attorneys' fees the Court awards in this matter shall be paid only after the Court approves the Settlement. Class Counsel will seek attorneys' fees and expenses in an amount not to exceed $400,000.00. Plaintiff will not seek additional reimbursement for its litigation expenses. Defendant has agreed not to oppose a request for attorneys' fees in that amount.  The Court will make a determination on the award of attorneys' fees and may approve less than the requested amount.

      **E.**    **Relief to Named Plaintiff**.  The named Plaintiff—Neurocare Institute of Central Florida, P.A.—will request an incentive award of $10,000.00 from Defendant for serving as the

class representative.  Florence Mussat, M.D., S.C. will also request an incentive award of $10,000 from Defendant for serving as the class representative in a related case.  Defendant has agreed not to oppose a request for incentive awards in those amounts.  The Court will make a determination on the incentive award may approve less than the requested amount.

## III.    WHAT YOU CAN DO

**A.    Remain In The Class**.  If you fit the description above, and you have not requested exclusion from the Class as described in paragraph III. B. below, you will remain a Class Member and can obtain the benefits of the settlement by following the claim procedure described below.  You will also be bound by the release of claims against Defendant set forth in the Settlement Agreement and summarized in Section V below.  If you do nothing, you will get no benefit from the settlement.  You will give up any right to ever be a part of any other lawsuit against Defendant or the Released Parties that relates in any way related to faxes that you may have received describing HealthTap's services between the dates of January 1, 2011 and December 31, 2012.  If you are interested in obtaining a benefit from this Settlement, you need to follow the steps below.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED IN PARAGRAPH II. A. ABOVE, YOU WILL NEED TO COMPLETE AND SUBMIT THE CLAIM FORM ATTACHED HERETO , POSTMARKED NO LATER THAN [120 days entry of the Preliminary Approval Order[ and mailed  TO [insert address] OR FAXED TO [INSERT NUMBER] ON OR BEFORE THAT SAME DATE:**

**(1).    Claim Form Procedure.**  The Claim Form must be fully completed.  You must choose only one of the available Settlement Benefits.  In addition, you must submit on the Claim Form your name, current address, and the fax number(s) that were assigned to you during the time period January 1, 2011 and December 31, 2012.  You must also verify that you owned the fax machine on which you received the fax at issue.  Finally, you must verify that you received an unsolicited fax between January 1, 2011 and December 31, 2012 sent by or on behalf of HealthTap that described services offered by HealthTap by signing the Claim Form.

**(2).    Review of Claims.**  The Settlement Administrator shall, within thirty (30) days of the Settlement's Effective Date, review and verify the information provided on each Claim Form.  The Settlement Administrator shall grant or deny all claims for which a valid Claim Form was submitted.  The Settlement Administrator shall notify Class Counsel and Defendant's counsel about the claims made, accepted, and rejected.  Defendant and Class Counsel shall make a good faith effort to resolve any dispute involving any Claim Form.  If necessary, the Claims Administrator will consult with Class Counsel and Defendant's counsel to answer any questions or resolve any disputes that arise regarding the validity of Claim Forms.  If the parties are unable to resolve a dispute, then they shall submit the dispute by motion to the Court within forty-five (45) days after receipt, and shall provide written notice to the Claimant. Claimants will be notified of and given an opportunity to contest any such challenge.

**(3).    Settlement Benefits to Class Claimants.**  If you submit a valid and

timely Claim Form, you will receive the benefit that you elected to receive in your Claim form, either: [1] five (5) months of HealthTap's Premium Service; or [2] a cash payment of up to $75.

**(4).    Distribution of the Settlement Benefits.**  The payments set forth above will be the only payments to which you will be entitled pursuant to this Agreement.  The payments set forth above will be paid after this Settlement has been finally approved.  The payment to the Class Representatives will then be paid as approved by the Court.  The attorney's fees will be paid as approved by the Court.

**B.    Request Exclusion From The Class**.  If you do not wish to receive the benefits under the Settlement, you can exclude yourself from the Settlement by preparing a written notice of exclusion and sending it by first-class mail, postmarked not later than _____, 2014 to Class Counsel, James M. Smith, Bock & Hatch, LLC, 134 N. LaSalle St., Ste. 1000, Chicago, Illinois 60602, and to counsel for Defendant, Kristine McAlister Brown, Alston & Bird, LLP, 1201 W. Peachtree St., Atlanta, GA 30309.  Written notices of exclusion (1) must include your full name, your address and your telephone number, (2) must state that you wish to be excluded from the Settlement Class, and (3) must be signed by you.  If you exclude yourself from the Settlement Class, you (1) will not be permitted to participate in the Settlement described in this Notice, if it is approved, (2) will not benefit from or be bound by a final judgment rendered in the Lawsuits, and (3) may, if you wish, pursue on your own behalf whatever legal rights you may have.  If you do not exclude yourself from the Settlement Class and the Settlement is approved, you will be bound by its terms and by any judgment entered as a result of the Settlement Agreement, and you will be permanently enjoined from prosecuting any of the claims released in this matter at any time in the future.  If you do not exclude yourself from the Settlement Class, you may, if you wish, enter an appearance by an attorney of your own choice and your own cost, but no attorney may participate in the Final Approval Hearing unless his or her appearance has been filed in this matter and served on counsel for the parties on or before [a date 10 days before Final Approval Hearing]_.

**C.    Submit An Objection**.  If you are a member of the Class who has not filed a timely request for exclusion from the Class, you may file an Objection  to the Settlement.  You may present reasons why, in your view, the proposed Settlement should not be approved.  Your written Objection  (1) must be filed with the Clerk's Office of the United States District Court for the Middle District of Florida, Orlando Division, 401 W. Central Blvd., Orlando, FL 32801, no later than [60 days after date Preliminary Approval Order is entered] and (2) must be sent by first-class mail, postmarked no later than[60 days after date Preliminary Approval Order is entered]_, to Class Counsel, James M. Smith, Bock & Hatch, LLC, 134 N. LaSalle St., Ste. 1000, Chicago, Illinois 60602, and to counsel for Defendant, Kristine McAlister Brown, Alston & Bird, LLP, 1201 W. Peachtree St., Atlanta, GA 30309.  Your written Objection (1) must state your name, your address and telephone number, (2) must state your objection, (3) must be signed by you, and (4) must indicate whether you desire to appear at the Hearing in person or through your attorney.  Any Objection (1) must contain a heading which refers to the Action, (2) must contain a statement about whether the objector intends to appear at the Final Approval Hearing either in person or through counsel, and if through counsel, must identify counsel by name, address and phone number, (3) must contain a detailed statement of the specific legal and factual bases for each and every objection, and (4) must contain a list of any witnesses and photocopies

of exhibits the objector intends to introduce at the Final Approval Hearing.  Any Settlement Class Member who does not ask to object in this manner waives the right to do so in the future, and shall be forever barred from making any objection to the Proposed Settlement.

**D.**     **Do Nothing.**  If you do nothing, you will get no benefit from the settlement.  You will give up any right to ever be a part of any other lawsuit against Defendant or the Released Parties that relates in any way related to faxes that you may have received describing HealthTap's services between the dates of January 1, 2011 and December 31, 2012.

## IV.     FINAL APPROVAL HEARING

The Court has ordered that a Final Approval Hearing be held on _____ (or such later date or time as the Court may, without further notice, direct), in Courtroom _____ of the United States District Court for the Middle District of Florida, Orlando Division, 401 W. Central Blvd., Orlando, FL 32801, before the Honorable Judge Gregory A. Presnell, or any judge sitting in his place.  The purpose of the Hearing will be to determine whether the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  If it is so determined, the Settlement will be finally approved by the Court and a judgment will be entered dismissing the Lawsuit on the merits, with prejudice and without leave to amend.  If the Court disapproves the proposed Settlement, then the Lawsuit will continue and the rights and duties of the parties will be as if no Settlement had been reached.  You do <u>not</u> need to appear at this Hearing unless you object to the settlement.

## V.     EFFECT OF SETTLEMENT

**A.**     **Effect of Settlement Approval**.  Unless you exclude yourself from the Class in the manner set forth in Section III. B., if the Court enters a Final Approval Order approving the Settlement, you shall be deemed to have given HealthTap, Inc., and any of HealthTap, Inc.'s past or present officers, stockholders, directors, agents, employees, independent contractors, parents, affiliates, subsidiaries or divisions, and any of their successors, assigns, legal representatives, heirs, executors, or administrators (the "Released Parties") a Release.  Under this Release, you, your heirs, executors, administrators, attorneys, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of you, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims (as defined below) that you may have against Released Parties.

**B.**     **Release**.  "Released Claims" means and includes any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to Defendant's transmission of facsimiles between January 1, 2011 and December 31, 2012 that describes services offered by HealthTap.

**C.**     **Bar of Other Actions Pending Final Approval of the Settlement**.  Pending its final decision on whether or not to approve this settlement, the Court has entered an order barring all Settlement Class Members who do not exclude themselves from the Settlement Class,

from instituting or prosecuting any action or proceeding against Defendant for liability in any way related to or arising out of the Released Claims, as defined above, unless and until the Settlement is terminated in accordance with its terms.

## VI.     <u>FOR FURTHER INFORMATION</u>

The references herein to the pleadings and other documents filed in the Lawsuit are only partial summaries.  The complete text of these and other relevant documents are on file with the Clerk's Office of the United States District Court for the Middle District of Florida, Orlando Division, 401 W. Central Blvd., Orlando, FL 32801, where they are available for inspection and copying at your own expense during regular business hours.  Any further questions that you or your attorney may have concerning this Notice should be directed to Class Counsel Phillip A. Bock at (312) 658-5500.

**PLEASE DO NOT CONTACT DEFENDANT, THE COURT, OR THE CLERK OF THE COURT OR THE JUDGE TO ASK ANY QUESTIONS ABOUT THIS LITIGATION**.  They are not permitted to answer your questions.

EXHIBIT 4

# CLAIM FORM

### Neurocare Institute of Central Florida, P.A. v. HealthTap, Inc.
### No. 6:13-cv-1228-GAP-DAB

*You Must Complete All **FIVE** Steps to Claim a Settlement Benefit*:

1.    **You Must Provide Your Contact Information:**

Full Name of person signing form:

_____

Company: _____

Phone Number: _____

Address: _____

City/State/Zip Code: _____

Fax Number(s): _____
 [List full numbers from January 1, 2011 to December 31, 2012 at which you received facsimiles from HealthTap or attach copies of the facsimiles received]

2.    **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

(a)    "I hereby verify, attest, and affirm that the fax number(s) identified above or attached to this claim form was/were mine or my company's during the period of January 1, 2011 and December 31, 2012."

_____
(Sign your name here)

**_OR_**

(b)    "I hereby verify, attest, and affirm that the fax number(s) identified above or attached to this claim form was/were **not** mine or my company's during the period of January 1, 2011 and December 31, 2012"    Explain when you obtained the fax number(s) identified in #1 above or attached to this Claim Form:

_____
_____
_____

_____
(Sign your name here)

**3.** **Verify, Attest, and Affirm that You Received Unsolicited Fax(es) from HealthTap at the Number(s) Listed on this Form.**

(a) "I hereby verify, attest, and affirm that I received an unsolicited facsimile that described the services offered by HealthTap, and this facsimile(s) was received at the number(s) listed in Section 1 of this Proof of Claim Form."

_____
(Sign your name here)

**4.** **You Must Select the Settlement Benefit You Wish to Receive:**

Place an "X" in the box next to the Settlement Benefit you wish to receive.  These Settlement Benefits are more fully described in Section II. B of the accompanying Class Notice.

YOU MAY SELECT _ONLY ONE_ OF THE CHOICES LISTED BELOW:

[  ] Five Months of HealthTap's Premium Service for U.S.-licensed doctors (valued at $495)

[  ] Cash Payment of up to $75

**5.** **You Must Return this Claim Form by [120 days from date Preliminary Approval Order is entered]_____, 2014:**

(a) Fax this Claim Form to:  [<fax number for claims >]

_**OR**_

(b) Mail this Claim Form to:  [Claims Administrator Address]

EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| NEUROCARE INSTITUTE OF CENTRAL FLORIDA, P.A., an Florida professional association, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 6:13-cv-1228-GAP-DAB |
| v. | ) ) | Judge Gregory A. Presnell |
| HEALTHTAP, INC, | ) ) | |
| Defendant. | ) ) | |

## FINAL APPROVAL ORDER AND JUDGMENT OF CLASSWIDE SETTLEMENT

The parties' motion for final approval of a class action settlement came before the Court for a fairness hearing on _____, at _____ a.m./p.m. in Room _____ of the United States District Court for the Middle District of Florida, Orlando Division, 401 W. Central Blvd., Orlando, FL 32801.

On _____, 2014, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the settlement reached between Plaintiff Neurocare Institute of Central Florida, P.A. ("Plaintiff"), the Class (as defined below), and defendant HealthTap, Inc.("Defendant"), as memorialized in the parties' Settlement Agreement filed with the Court.

On _____, 2014, the Court held a fairness hearing (the "Fairness Hearing"), for which Class Members had been given due notice. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

Having considered the Parties' moving papers, the Settlement Agreement, and all other evidence submitted concerning the motion,

**IT IS HEREBY ORDERED THAT:**

1.     This Order incorporates by reference the definitions in the Settlement Agreement and, unless otherwise provided herein, all capitalized terms used in this Order shall have the same meanings set forth in the Settlement Agreement.

2.     This Court has jurisdiction over Plaintiffs, the Class Members, Defendant, and the claims asserted in this lawsuit.

3.     The Court finds that the settlement is in all respects fair, reasonable, and adequate to Settlement Class Members.  The Court therefore finally approves the Settlement Agreement, including but not limited to the releases found therein, for all of the reasons set forth in the Motion for Final Approval, including, but not limited to: (i) The Settlement Agreement was the product of informed, arms' length negotiations between competent, able, and informed counsel and was not collusive; (ii) the record was sufficiently developed through meaningful discovery and motion proceedings to have enabled counsel for the Parties to have adequately evaluated and considered the strengths and weaknesses of their respective positions; (iii) the Action involved disputed claims; (iv) there is inherent uncertainty and risk in the outcome of this matter; (v) the settlement provides a meaningful and valuable Settlement Benefit for the Settlement Class Members who submit claims; and (vi) the Parties were represented by highly qualified counsel who, through this case, vigorously and adequately represented their respective party's interests.

4.      Any timely objections that were filed have been considered and are overruled.

## Class Certification

5.      As part of the Preliminary Approval Order, the Court certified a Settlement Class, for settlement purposes only, defined as:

> All persons or businesses who, between January 1, 2011 and December 31, 2012, were sent facsimiles by or on behalf of HealthTap that described services offered by HealthTap.

6.      The Court certifies this Action as a Class Action, and, in so doing, finds, solely for purposes of considering this Settlement, that the requirements of Fed. R. Civ. P. 23 have been met, in particular that (1) the Settlement Class Members are too numerous to be joined in a single action; (2) common issues of law and fact exist; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (4) the Class Representative and Class Counsel can adequately protect the interests of the Settlement Class Members; (5) questions of law or fact common to class members predominate over any questions affecting only individual members; and (6) a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

7.      The settlement is in the best interests of the Settlement Class in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims in this Action.  All requirements of Federal Rule of Civil Procedure 23 and United States Constitution necessary to effectuate the Settlement have been satisfied.  The Parties shall effectuate the Settlement Agreement in accordance with its terms.

8.     Excluded from the Settlement Class are HealthTap, Inc., any parent, subsidiary, affiliate or controlled person of HealthTap, Inc. as well as the officers, directors, agents, servants or employees of HealthTap, Inc. (including Jeffrey Pollard, M.D.) and the immediate family members of such persons, the named counsel in this litigation, any member of their office and/or firm, any licensed insurance company,  and the members of the federal judiciary.

9.     The Court also appoints Plaintiffs Neurocare Institute of Central Florida, P.A. and Florence Mussat, M.D., S.C. as the Class Representatives, appoints Phillip A. Bock, Richard J. Doherty, and James M. Smith of Bock & Hatch, LLC as Class Counsel, and Ryan M. Schmidt of Law Offices of Jon B. Coats, Jr., P.A., as Additional Class Counsel.

<u>Class Notice</u>

10.     In accordance with the terms of the Agreement and the Preliminary Approval Order, the Parties published the Notice in *People* and *Internal Medicine News* as well as publish the Notice in banner ads on a variety of healthcare Internet sites, informing potential Settlement Class Members of the pendency and terms of the settlement of the Action, and of their opportunity to request exclusion from the Settlement Class or to object to the terms of the settlement. By affidavit, Class Counsel has confirmed to the Court that the Notice was disseminated in accordance with the Preliminary Approval Order. The Court hereby finds that the Notice disseminated to the potential Settlement Class Members in accordance with the terms of the Preliminary Approval Order complies fully with the requirements of Federal Rule of Civil Procedure 23 and the United States Constitution and was the

best notice practicable under the circumstances.

## Objections and Opt-Outs

11.    The following _____ Settlement Class Members filed objections to the settlement: __. The Court has considered each of these objections carefully and has overruled them. None of these objections raised a valid concern about the Settlement Agreement.  Accordingly, all Class Members who did not opt out are bound by this Final Judgment and Order.

12.    The following __ Class Members validly requested exclusion from the Class: __.

## Class Compensation

13.    Settlement Class Members had a choice between two settlement benefits: [1] a cash payment of up to $75; or [2] five months of HealthTap's Premium Service.  Settlement Class Members were required to submit timely and valid Claim Forms to receive benefits from the Settlement.  Defendant agreed to make available $500,000 to pay Settlement Class Members who elected to receive cash payment of up to $75.  Settlement Class Members who elected to receive a cash payment waived their rights to receive the Premium Service under the Settlement. If the combined amount of cash payments exceeds $500,000, each Settlement Class Member who elected to receive a cash payment will receive a *pro rata* share of the $500,000 available to pay Settlement Class Members who elect to receive a cash payment. Settlement Class members who elect to receive the Premium Service may cancel at any time without being charged a fee, but have waived their rights to receive a $75 cash payment regardless of how long they keep the service.  Settlement Class

Members who elect to receive the Premium Service will have the option of continuing the service at the end of the five month period if they so choose at the price set by HealthTap, but they will not be obligated in any way to continuing the service.

14.     Checks issued for cash payments to the claiming Settlement Class Members will be void 181 days after issuance.

## Awards of Incentive Award and Attorneys' Fees and Costs

15.     Class Counsel's motions for an attorneys' fees and expenses award and for an incentive fee for the Plaintiffs shall be dealt with by separate order.

## Releases and Dismissal

16.     All claims or causes of action of any kind by Plaintiff and all Settlement Class Members that arise out of or relate to faxes sent by or on behalf of Defendant that described services offered by Defendant between January 1, 2011 and December 31, 2012 are forever barred and released pursuant to the terms of the Releases set forth in the parties' Settlement Agreement.

17.     In addition, all Settlement Class Members are forever enjoined from commencing, prosecuting, or participating in any way in any action or proceeding in any court or other forum asserting any of the Released Claims (as defined in the Settlement Agreement) against any of the Released Parties (as defined in the Settlement Agreement).  Settlement Class Members are expressly bound by the covenant not to sue contained in Section 16 of the Settlement Agreement and shall not sue any Released Party with respect to any of the Released Claims, or otherwise assist others in doing so, and are barred from doing so, in any court of law or equity,

or any other forum.

18.     This lawsuit is dismissed with prejudice as to Plaintiff and all Settlement Class Members, and without fees or costs except as provided above. Plaintiff and Defendant waive all rights to appeal.

## Other Provisions

19.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

20.     For 90 days, this Court retains continuing jurisdiction over this action, Plaintiff, all Settlement Class Members, and Defendant to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

21.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provision of the Settlement Agreement.

22.     If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with

the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and shall be deemed vacated.  The Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.  If the settlement does not become final in accordance with the terms of the Settlement Agreement, Defendant's agreement to certification of the Settlement Class for settlement purposes only will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Defendant.  No agreements made by or entered into by Defendant in connection with the settlement may be used by Plaintiff, any person in the Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Litigation or any other judicial proceeding.


Dated: _____                    _____

                                               Judge Gregory A. Presnell