IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NEUROCARE INSTITUTE OF CENTRAL FLORIDA, P.A., an Florida professional association, individually and as the representative of a class of similarly-situated persons,<br><br>     Plaintiff,<br> v.<br><br>HEALTHTAP, INC.,<br><br>     Defendant. | No. 6:13-cv-1228-GAP-DAB<br><br>Judge Gregory A. Presnell |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND APPROVING CLASS NOTICE

This matter is before the Court on the unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 75). Being duly advised in the premises, IT IS HEREBY ORDERED that:

 1. In accordance with Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies the following Class:

> All persons or businesses who, between January 1, 2011 and December 31, 2012, were sent facsimiles by or on behalf of HealthTap that described services offered by HealthTap.

Excluded from the Settlement Class are HealthTap, any parent, subsidiary, affiliate or controlled person of HealthTap, as well as the officers, directors, agents, servants or employees of HealthTap (including Jeffrey Pollard, M.D.), and the immediate family members of such persons, the named counsel in this litigation, any member of their office and/or firm, any licensed insurance company, and the members of the federal judiciary.

2. The Court appoints Neurocare Institute of Central Florida and Florence Mussat, M.D., S.C., as the Class Representatives, appoints attorneys Phillip A. Bock, Richard J. Doherty, and James M. Smith of Bock & Hatch, LLC as Class Counsel, and appoints Ryan M. Schmidt of Law Offices of Jon B. Coats, Jr., P.A., as Additional Class Counsel.

3. Pursuant to Rule 23, the Court preliminarily approves the settlement of this action, as embodied in the terms of the Settlement Agreement, as fair, reasonable, and in the best interests of all those who will be affected by it.  The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist; that the claims of the Class Representative are typical of the claims of the Settlement Class Members; that the Class Representative and Class Counsel can adequately protect the interests of the Settlement Class Members; that questions of law or fact common to class members predominate over any questions affecting only individual members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

4. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Settlement is not finally approved by the Court or otherwise does not take effect.  Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Settlement is not finally approved by this Court or otherwise does not take effect.

5. The Settlement Agreement is incorporated by reference into this Order, with capitalized terms as set forth in the Settlement Agreement and the parties are ordered to comply with the terms thereof.

6. The Settlement Agreement proposes notice to the Class in the form of Exhibit 2 to the Settlement Agreement, by publication in *People* and *Internal Medicine News.* The Publication Notice will also be published in the form of banner ads on a variety of healthcare Internet sites. The Court finds that this notice plan is reasonable and satisfies Rule 23 and the requirements of due process under the United States Constitution. The plan is approved and adopted. The Court orders the parties to provide these notices to the Class as proposed on or before July 18, 2014.

7. The Court sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate these deadlines and dates in the Class Notice:

    (a) Requests by any Class member to opt out of the settlement must be filed on or before August 29, 2014;

    (b) Any Settlement Class Member shall be entitled to make a claim. Each Settlement Class Member shall be entitled to make only one claim regardless of the number of faxes sent to that Settlement Class Member's fax machine(s). A claim must satisfy the requirements set forth in Section 7 of the Settlement Agreement and must be submitted on or before the Claims Deadline. The Claims Deadline shall be September 15, 2014; and

    (c) Objections and motions to intervene and all supporting

memoranda shall be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel on or before October 15, 2014;

  (d) The Final Approval Hearing, set forth in the Class Notice, is hereby scheduled for November 20, 2014, at 2:00 pm. All papers to be considered at the Final Approval Hearing, including memoranda to be filed by the Parties in support of the settlement, shall be served and filed no later than November 14, 2014.

8. The Parties shall submit a list of valid opt outs to the Court by October 1, 2014.

9. All Settlement Class Members are hereby enjoined from prosecuting separate actions against Defendant or the Released Parties asserting any of the Released Claims.

10. Except as provided herein, the Action is stayed pending the Court's final decision on the fairness of the proposed settlement.

**DONE** and **ORDERED** in Orlando, Florida on June 12, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
Unrepresented Parties
Counsel of Record