# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NEUROCARE INSTITUTE OF
CENTRAL FLORIDA, P.A.,

                **Plaintiff,**

v.                                          **Case No:  6:13-cv-1228-Orl-31DAB**

HEALTHTAP, INC.,

                **Defendant.**

_____

## ORDER AND JUDGMENT OF CLASSWIDE SETTLEMENT

This matter is before the Court on the Unopposed Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees (Doc. 91).  Pursuant to Notice, a fairness hearing was held on November 20, 2014 at 2:00 PM.  No objectors appeared at the hearing.

Upon consideration of the pleadings and evidence presented to the Court, the Court finds that:

1.      The Court has jurisdiction over Plaintiffs, the Class Members, Defendant, and the claims asserted in this lawsuit.

2.      The requirements of Fed. R. Civ. P. 23 have been met, in particular that (1) the Settlement Class Members are too numerous to be joined in a single action; (2) common issues of law and fact exist; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (4) the Class Representative and Class Counsel can adequately protect the interests of the Settlement Class Members; (5) questions of law or fact common to class members predominate over any questions affecting only

individual members; and (6) a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

3.　　The settlement is fair, reasonable and adequate to settlement class members. All requirements of Federal Rule of Civil Procedure 23 and United States Constitution necessary to effectuate the Settlement have been satisfied.

4.　　In accordance with the terms of the Agreement and the Preliminary Approval Order (Doc. 82), the Parties published the Notice in People and Internal Medicine News as well as in banner ads on a variety of healthcare Internet sites, informing potential Settlement Class Members of the pendency and terms of the settlement, and of their opportunity to request exclusion from the Settlement Class or to object to the terms of the settlement. By affidavit, Class Counsel has confirmed to the Court that the Notice was disseminated in accordance with the Preliminary Approval Order. The Court hereby finds that the Notice disseminated to the potential Settlement Class Members in accordance with the terms of the Preliminary Approval Order complies fully with the requirements of Federal Rule of Civil Procedure 23 and the United States Constitution and was the best notice practicable under the circumstances.

5.　　No Settlement Class Members filed objections to the settlement.　Accordingly, all Class Members who did not opt out are bound by this Final Judgment and Order.

6.　　No Settlement Class Members requested exclusion from the Class.

7.　　Settlement Class Members had a choice between two settlement benefits: [1] a cash payment of up to $75; or [2] five months of HealthTap's Premium Service.　Settlement Class Members were required to submit timely and valid Claim Forms to receive benefits from the Settlement.　Defendant agreed to make available $500,000 to pay Settlement

Class Members who elected to receive cash payment of up to $75.   Settlement Class Members who elected to receive a cash payment waived their rights to receive the Premium Service under the Settlement.   If the combined amount of cash payments exceeds $500,000, each Settlement Class Member who elected to receive a cash payment will receive a pro rata share of the $500,000 available to pay Settlement Class Members who elect to receive a cash payment.   Settlement Class members who elect to receive the Premium Service may cancel at any time without being charged a fee, but have waived their rights to receive a $75 cash payment regardless of how long they keep the service. Settlement Class Members who elect to receive the Premium Service will have the option of continuing the service at the end of the five month period if they so choose at the price set by HealthTap, but they will not be obligated in any way to continuing the service.

8.      Checks issued for cash payments to the claiming Settlement Class Members will be void 181 days after issuance.

It is, therefore, ORDERED that:

A. The Court certifies a class for settlement purposes, comprised of:   All persons or businesses who, between January 1, 2011 and December 31, 2012, were sent facsimiles by or on behalf of HealthTap that described services offered by HealthTap.   Excluded from the Settlement Class are HealthTap, Inc., any parent, subsidiary, affiliate or controlled person of HealthTap, Inc. as well as the officers, directors, agents, servants or employees of HealthTap, Inc. (including Jeffrey Pollard, M.D.) and the immediate family members of such persons, the named counsel in this litigation, any member of their office and/or firm, any licensed insurance company, and the members of the federal

judiciary.

B.  This Order incorporates by reference the definitions in the Settlement Agreement and, unless otherwise provided herein, all capitalized terms used in this Order shall have the same meanings set forth in the Settlement Agreement.

C.  The Court approves the Settlement Agreement, including but not limited to the releases found therein, for all of the reasons set forth in the Motion for Final Approval, including, but not limited to: (i) The Settlement Agreement was the product of informed, arms' length negotiations between competent, able, and informed counsel and was not collusive; (ii) the record was sufficiently developed through meaningful discovery and motion proceedings to have enabled counsel for the Parties to have adequately evaluated and considered the strengths and weaknesses of their respective positions; (iii) the Action involved disputed claims; (iv) there is inherent uncertainty and risk in the outcome of this matter; (v) the settlement provides a meaningful and valuable Settlement Benefit for the Settlement Class Members who submit claims; and (vi) the Parties were represented by qualified counsel who, through this case, vigorously and adequately represented their respective party's interests.

D.  The Court also appoints Plaintiffs Neurocare Institute of Central Florida, P.A. and Florence Mussat, M.D., S.C. as the Class Representatives, appoints Phillip A. Bock, Richard J. Doherty, and James M. Smith of Bock &

Hatch, LLC as Class Counsel, and Ryan M. Schmidt of Law Offices of Jon B. Coats, Jr., P.A., as Additional Class Counsel.

E.  Class Counsel's motions for an attorneys' fees and expenses award and for an incentive fee for the Plaintiffs is GRANTED.

1.   Class Representatives, Neurocare Institute of Central Florida, P.A. and Florence Mussat, M.D., S.C., shall each receive $10,000.00 from Defendant for serving as the class representatives in this matter, in accordance with the terms of the Settlement Agreement.

2.   Class Counsel shall collectively receive attorneys' fees and expenses totaling $400,000.00 in accordance with the terms of the Settlement Agreement, and the Court finds that such fees and expenses are fair and reasonable. Such amounts shall be paid by Defendant in accordance with the terms of the Settlement Agreement.

F.  All claims or causes of action of any kind by Plaintiff and all Settlement Class Members that arise out of or relate to faxes sent by or on behalf of Defendant that described services offered by Defendant between January 1, 2011 and December 31, 2012 are forever barred and released pursuant to the terms of the Releases set forth in the parties' Settlement Agreement.

G.  In addition, all Settlement Class Members are forever enjoined from commencing, prosecuting, or participating in any way in any action or proceeding in any court or other forum asserting any of the Released Claims (as defined in the Settlement Agreement) against any of the Released Parties

(as defined in the Settlement Agreement).   Settlement Class Members are expressly bound by the covenant not to sue contained in Section 16 of the Settlement Agreement and shall not sue any Released Party with respect to any of the Released Claims, or otherwise assist others in doing so, and are barred from doing so, in any court of law or equity, or any other forum.

H. This lawsuit is dismissed with prejudice as to Plaintiff and all Settlement Class Members, and without fees or costs except as provided above. Plaintiff and Defendant waive all rights to appeal.

I.  For 90 days, this Court retains continuing jurisdiction over this action, Plaintiff, all Settlement Class Members, and Defendant to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

J.  The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.   Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provision of the Settlement Agreement.

K.  If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated, or modified in any

material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and shall be deemed vacated.   The Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.   If the settlement does not become final in accordance with the terms of the Settlement Agreement, Defendant's agreement to certification of the Settlement Class for settlement purposes only will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Defendant.   No agreements made by or entered into by Defendant in connection with the settlement may be used by Plaintiff, any person in the Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Litigation or any other judicial proceeding.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 24, 2014.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party